■ PATRICIA JOHNSON, Respondent, v CHERRY GROVE ISLAND MANAGEMENT, INC., et al., Appellants.—In an action to recover damages for personal injuries, (1) the defendants Cherry Grove Island Management, Inc., and Fire Island Construction Associates, Ltd., appeal from so much of an order of the Supreme Court, Suffolk County (Cohalan, J.), entered November 22, 1989, as denied their motion for summary judgment dismissing the complaint insofar as it is asserted against them, and (2) the defendant Cherry Grove Discotheque, Inc., appeals from so much of the same order as denied its motion for summary judgment dismissing the complaint insofar as it is asserted against it.

Ordered that the order is modified, on the law, by deleting therefrom the provision denying the motion of the defendant Cherry Grove Discotheque, Inc., for summary judgment, and substituting therefor a provision granting that motion dismissing the complaint insofar as it is asserted against the defendant Cherry Grove Discotheque, Inc., and the action against the remaining defendants is severed; as so modified, the order is affirmed, with costs to the defendant Cherry Grove Discotheque, Inc., payable by the plaintiff.

The plaintiff Patricia Johnson sustained a back injury when she hit her head after diving into the shallow end of a swimming pool located at the Cherry Grove Hotel on Fire Island. The defendants Cherry Grove Island Management, Inc., and Fire Island Construction Associates, Ltd. (collectively referred to as the Hotel) were general partners in a limited partnership which owned the Cherry Grove Hotel. The defendant Cherry Grove Discotheque, Inc. (hereinafter the Disco) sponsored a contest in the swimming pool at the hotel, which was located on the same premises as the Ice Palace bar leased by the Disco. The plaintiff was injured when she dove into the pool just before the contest was to begin.

Summary judgment is only appropriate when the record eliminates any legal cause other than the reckless conduct of the plaintiff and when, despite the defendant's negligence, the reckless conduct of the plaintiff was an unforeseeable superseding event sufficient to break the causal chain and absolve

the defendant of liability (see, Denkensohn v Davenport, 75 NY2d 25). In Denkensohn, the Court of Appeals stated that a jury could have found that the plaintiff's dive was not reckless because she did not know the depth of the water into which she dove.

Similarly, the record on this appeal does not demonstrate that the injured plaintiff was actually aware of the depth of the water into which she dove. At her deposition, she testified that she had never been in the pool before and did not know the depth of the water in it. Thus, the record does not establish that the plaintiff's conduct was reckless as a matter of law, and the motion for summary judgment was properly denied as to the Hotel.

However, since the defendant Disco was merely sponsoring the event and did not have any control over the maintenance of the pool, we find no duty owed to the plaintiff by the Disco (see, Vogel v West Mountain Corp., 97 AD2d 46). The Disco was not in a position where it could have required depth markings to be placed at the pool. Therefore, the motion for summary judgment as to the defendant Disco should have been granted. Bracken, J. P., Kooper, and Sullivan, JJ., concur.

Lawrence, J., concurs in part and dissents in part and votes to reverse the order, on the law, grant the motions, and dismiss the complaint, with the following memorandum: I concur with my colleagues that summary judgment should be granted in favor of the defendant Cherry Grove Discotheque, Inc., for the reasons stated in their decision.

However, I find that the defendants Cherry Grove Island Management, Inc., and Fire Island Construction Associates, Ltd., are also entitled to summary judgment dismissing the complaint insofar as asserted against them. The plaintiff claims these defendants were negligent in that they failed to place depth markings at or in the pool and to warn her of the dangers inherent in diving into the pool. Nevertheless, at her examination before trial, the plaintiff testified that prior to her dive, she merely "looked" at the pool and noticed only its shape and approximate size. She did not notice either the diving board and ladders at the deep end of the pool or the semicircular stairway leading into the pool at the shallow end, which features concededly existed on the day of the accident. Moreover, she did not look for any markings on the edge of the pool. While the plaintiff, an admittedly experienced swimmer, claimed that she believed the pool was all one depth, she concededly did not know what that depth was. She made no

effort to ascertain how deep the water was at the place where she dove in, and she made no claim that she was not in a position to ascertain the depth before she dove in. Consequently, it is clear that, by her own reckless conduct, the plaintiff caused her own injuries and she failed to raise a factual issue as to whether any alleged negligence by these defendants was a proximate cause of her injuries. The majority's reliance on *Denkensohn v Davenport* (75 NY2d 25) is misplaced. In that case, the injured plaintiff was not in a position to know the depth of the pool into which she dove, and to the extent she was able to ascertain the depth, she could have reasonably presumed, under all the circumstances, that the water was deep enough to sustain a dive.