■ MONA HAMILTON, Appellant, v RITE AID PHARMACIES, INC., Respondent. [650 NYS2d 887] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Ingraham, J.), entered May 10, 1996 in Chenango County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff commenced this personal injury action after she slipped and fell while exiting one of defendant's stores. The accident occurred at approximately noon on March 16, 1993. According to plaintiff, her fall was caused by water that defendant's employees had negligently permitted to accumulate on the floor. Following joinder of issue and discovery, defendant moved for summary judgment. Supreme Court granted the motion prompting this appeal.

We affirm. In order to impose liability, there must be evidence that defendant had actual or constructive notice of the dangerous condition that caused plaintiff's injury (see, Boyko v Limowski, 223 AD2d 962, 963-964). In support of its motion defendant presented the pretrial testimony of its employees on duty at the time of the incident. According to the store manager, the area where plaintiff fell was not wet. The manager had been unloading merchandise from a truck at the entrance where plaintiff fell from 5:00 A.M. until 9:00 A.M. during which time, she avers, the entrance remained clear of snow and dry, and no snow was being tracked into the store. After the store opened, the manager continued to stock merchandise, and although she repeatedly walked through the part of the store where plaintiff fell and "constantly surveilled" the area, she never became aware of an accumulation of water. Two other employees did not remember seeing water in the area and specifically testified that they were never informed of water on the floor.

Nothing in the record indicates that defendant's employees had actual notice of water on the floor. As for constructive notice, that requires a showing that a visible and apparent defect existed "for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" (Gordon v American Museum of Natural History, 67 NY2d 836, 837). According to plaintiff, there was water on the floor when she entered the store. She went to the third aisle, made her selection, went to the cash register, made her purchase and then proceeded to exit. The record does not indicate how long plaintiff was in the store. Plaintiff's witnesses also testified that they saw water on the floor from people tracking it in. One witness, however, was in the store only "two minutes" prior to plaintiff's fall, and the second witness admits that he

did not see water on the floor before plaintiff fell. We agree with Supreme Court that this testimony is insufficient to satisfy plaintiff's burden, for it does not establish that there was water on the floor in the area where she fell for any appreciable length of time (*see, Wolfson v Nevele Hotel*, 222 AD2d 881; *Stoerzinger v Big V Supermarkets*, 188 AD2d 790). Although plaintiff maintains that constructive notice may be imputed from the conditions existing outside of the store (15 inches of snow had fallen two days earlier, along with a small amount the day before, and some melting had occurred), general awareness that a potentially dangerous condition may exist is not enough to constitute notice of a particular condition (*see, Piacquadio v Recine Realty Corp.*, 84 NY2d 967).

Mercure, J. P., White, Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.