■ JOHN SANTORA et al., Appellants, v GOLUB CORPORATION, Doing Business as PRICE CHOPPER SUPERMARKETS, Respondent. [664 NYS2d 499] —Peters, J. Appeal from an order of the Supreme Court (Caruso, J.), entered April 14, 1997 in Schenectady County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff John Santora (hereinafter plaintiff) was injured when he slipped on a substance which had spilled on the floor in the snack bar area of one of defendant's supermarkets. After the accident, plaintiff and his wife commenced this negligence action against defendant. Following joinder of issue, defendant moved for summary judgment dismissing the complaint. Supreme Court granted the motion and this appeal by plaintiffs ensued.

Plaintiffs contend that Supreme Court erred in granting defendant's motion inasmuch as questions of fact exist as to whether defendant had constructive notice of the slippery condition of the floor. Based upon our review of the record, we disagree. As the proponent of a motion for summary judgment, it was incumbent upon defendant to make a prima facie showing that it did not create the dangerous condition or have constructive notice thereof (*see, Gordon v American Museum of Natural History*, 67 NY2d 836). Defendant's snack bar manager testified that on the date of the accident she inspected the floor in the snack bar every half hour and did not notice any ketchup or jelly-like substance prior to plaintiff's accident.

Plaintiffs likewise testified that they did not notice any foreign substance on the floor of the snack bar until after plaintiff slipped. While they stated that the substance resembled ketchup, they admitted that they did not notice it until after the accident. They further conceded that they did not lodge any complaints to defendant's employees regarding the condition of the floor before the accident. In our view, there is nothing in the record to indicate that the slippery condition of the snack bar floor was "visible and apparent and * * * [existed] for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" (*id.*, at 837; *see, Hamilton v Rite Aid Pharmacies*, 234 AD2d 778). Although the snack bar manager testified that the jelly-like substance may have been on the floor for a while since it was sticky, this does not establish that the substance was present for a sufficient period of time to give defendant constructive notice (*see, Collins v Grand Union Co.*, 201 AD2d 852; *Batiancela v Staten Is. Mall*, 189 AD2d 743). Absent proof by plaintiffs that defendant had constructive notice of the condition in question, Supreme Court properly granted summary judgment dismissing the complaint (*see, Van Winkle v Price Chopper Operating Co.*, 239 AD2d 692).

Mikoll, J. P., White, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.