■ WILLIAM ARSENAULT et al., Respondents, v REGAN TRUST, Defendant, HELEN REGAN, Appellant, and WAYNE ARSENAULT et al., Respondents. [692 NYS2d 847] —Crew III, J. Appeal from an order of the Supreme Court (Dier, J.), entered October 22, 1998 in Warren County, which denied defendant Helen Regan's motion for summary judgment dismissing the complaint and all cross claims against her.

Plaintiff William Arsenault (hereinafter Arsenault) and his spouse, derivatively, commenced this action seeking to recover for injuries Arsenault allegedly sustained on September 14, 1994 when he fell on property located in the Town of Lake Luzerne, Warren County. At the time of the accident, Arsenault was helping his brother, defendant Wayne Arsenault, move out of a cabin that Wayne Arsenault had rented from defendant Helen Regan (hereinafter defendant). As Arsenault was walking up a set of steps leading up from the lake, a step allegedly gave way, causing him to fall and sustain certain injuries. Following joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint and all cross claims asserted against her. Supreme Court denied the motion, prompting this appeal by defendant.

We affirm. Defendant's primary argument on appeal is that she neither owned nor possessed the property in question at the time of Arsenault's accident and, hence, she cannot be liable for the injuries that he sustained. In this regard, it is well settled that "liability for a dangerous condition on property is 'generally predicated upon ownership, occupancy, control or special use of the property' " (*Warren v Wilmorite, Inc.*, 211 AD2d 904, 905, quoting *Turrisi v Ponderosa, Inc.*, 179 AD2d 956, 957; *see, Kiselis v Speculator Chamber of Commerce*, 234 AD2d 677, 678). The presence of one or more of the foregoing elements is sufficient to give rise to a duty to exercise reasonable care (*see, Turrisi v Ponderosa, Inc., supra*, at 957).

Assuming, without deciding, that defendant did not own the property on the date in question, we nonetheless are persuaded that defendant failed to demonstrate, as a matter of law, that she neither occupied nor controlled the subject premises. Defendant testified at her examination before trial that she entered into a rental agreement with Wayne Arsenault and, pursuant to a separation agreement executed by defendant and her then spouse, was to receive all rental income for the property.* Additionally, defendant testified that in accordance with the terms of the separation agreement, she assumed responsibility for upkeep and maintenance of the property. With respect to the steps in question, which were crafted from railroad ties and gravel, defendant testified that she arranged to have a former tenant construct the steps in 1990 in exchange for a rent abatement. In the years that followed, defendant would "freshen up" the steps each year by having additional gravel added behind the railroad ties. Defendant further testified that during the summer of 1994, she stayed at the Lake Luzerne property most of the time and used the steps in question three or four times a week. Although defendant stated that she did not observe any defects in the steps, Wayne Arsenault testified that the step that gave way and caused his brother to fall was "all rotted".

Based upon the foregoing, we conclude that the record presents unresolved factual issues regarding defendant's occupancy and/or control of the property in general and, more particularly, the steps that allegedly caused Arsenault's injuries. The cited testimony also is sufficient, in our view, to raise a question of fact as to, *inter alia*, whether defendant had actual or constructive notice of the alleged defect. Accordingly, Supreme Court properly denied defendant's motion for summary judgment dismissing the complaint.

Cardona, P. J., Mikoll, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is affirmed, with costs.

---

* In this regard, Wayne Arsenault testified that he paid rent directly to defendant.