■ Lisa Forester, Appellant, v Golub Corporation, Respondent. [699 NYS2d 185] —Carpinello, J. Appeal from an order of the Supreme Court (Lynch, J.), entered November 2, 1998 in Schenectady County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff commenced this negligence action against defendant to recover for injuries she sustained after slipping on water in one of defendant's grocery stores. In the complaint and bill of particulars, it was alleged that defendant failed to properly and reasonably maintain the floor in that it allowed a "wet, sticky, and slippery" condition to exist and that defendant failed to warn plaintiff of such dangerous and hazardous condition. No allegation was made that defendant actually created a dangerous condition which in turn caused plaintiff's accident.

In February 1998, plaintiff filed a note of issue indicating her readiness for trial and shortly thereafter defendant moved for summary judgment. In support of the motion, defendant presented the pretrial testimony of its assistant manager on duty at the time of the incident, as well as the accident report completed by this person. According to the assistant manager, he inspected the area where plaintiff fell 30 to 40 minutes before the accident and did not observe any water on the floor. He further testified that he did not recall any complaints of water in this area prior to plaintiff's fall. Defendant also submitted plaintiff's pretrial testimony during which she admitted that she did not observe anything on the floor prior to the fall.

Plaintiff opposed summary judgment, alleging for the first time that defendant affirmatively created a dangerous condi-

tion which caused her fall. Specifically, plaintiff argued that defendant improperly packed a display cart with ice which then melted and dripped onto the floor. Supreme Court granted defendant summary judgment, prompting this appeal.

As an initial point, we note that plaintiff concedes that defendant made a prima facie showing that it neither created a dangerous condition nor had actual or constructive notice of the presence of water on the floor prior to the accident, thereby shifting the burden to her to raise a triable issue of fact. Thus, the sole issue before this Court is whether plaintiff in fact satisfied this burden (*see, Zuckerman v City of New York*, 49 NY2d 557, 563). In response to defendant's motion for summary judgment, plaintiff merely attempted to demonstrate that defendant *created* a dangerous condition which caused her fall. She offered no factual evidence establishing that defendant's employees had either actual or constructive notice of the water on the floor. Since "a new theory, presented for the first time in opposition to a motion for summary judgment, cannot bar relief which is otherwise appropriate" (*Scanlon v Stuyvesant Plaza*, 195 AD2d 854, 855),* and since no evidence was offered to sufficiently demonstrate a factual issue as to defendant's actual or constructive notice of the condition that caused plaintiff's injury, Supreme Court's order granting summary judgment should be affirmed (*see, e.g., Santora v Golub Corp.*, 245 AD2d 693; *Hamilton v Rite Aid Pharmacies*, 234 AD2d 778).

Cardona, P. J., Mikoll, Mercure and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.

* Similarly, a plaintiff is precluded from amending a bill of particulars following the filing of a note of issue absent a showing of good cause to vacate the note of issue (*see, Morales v Lia*, 238 AD2d 786, 787). Notably, plaintiff did not move to vacate the note of issue or amend her bill of particulars.