■■■ Douglas F. Yaeger et al., Appellants, v UCC Constructors, Inc., et al., Defendants, and County Line Stone Co., Inc., Respondent. [721 NYS2d 894] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly granted the motion of County Line Stone Co., Inc. (defendant) for summary judgment dismissing the complaint and cross claims against it. Defendant established that it was not negligent in loading the semi-trailer driven by Douglas F. Yaeger (plaintiff) with large rocks for transportation to a construction site. We reject plaintiffs' contention that negligence may be reasonably inferred from the fact that the semi-trailer tipped over while the rocks were being dumped at the site. Because of space limitations plaintiff had parked the vehicle on allegedly uneven ground in a jack-knifed position. Defendant met its burden of establishing that the semi-trailer was loaded properly and that the weight of the rocks was evenly distributed when the semi-trailer left defendant's premises. Both plaintiff and the employee of defendant who loaded the semi-trailer had inspected it before plaintiff drove it to the construction site, and plaintiff did not notice any shifting either during his 70- to 80-mile drive to the construction site or when he inspected the load before the dumping started. A motion for summary judgment will not be defeated by speculation that a defendant was negligent (*see, Barile v Carroll*, 280 AD2d 988; *see also, Miranda v Devlin*, 260 AD2d 451, 452; *Brempong v Henris*, 235 AD2d 238), and here plaintiffs failed to establish any "facts and conditions from which the negligence of defendant may be reasonably inferred" (*Bernstein v City of New York*, 69 NY2d 1020, 1022).

Plaintiffs' contention that summary judgment was improper because the facts surrounding the accident are solely within the knowledge of defendant is unavailing. Plaintiffs have deposed defendant's employee who loaded the semi-trailer (*see, James v LeFeber*, 275 AD2d 973), and plaintiff was present and witnessed part of the loading of the trailer. Further, plaintiffs "failed to indicate the essential facts that [they believe] are in the exclusive knowledge and possession" of defendant (*Lavin & Kleiman v Heinike Assocs.*, 221 AD2d 919; *see, Maron v Hillside Children's Ctr.*, 247 AD2d 871).

Plaintiffs did not raise the theory that defendant was negligent in permitting the use of a semi-trailer instead of a 10-wheel truck in their complaint or bill of particulars, and thus may not assert that theory in an attempt to defeat defendant's motion for summary judgment. " '[A] new theory, presented for the first time in opposition to a motion for summary judgment, cannot bar relief which is otherwise appropriate' " (*Forester v Golub Corp.*, 267 AD2d 526, 527, quoting *Scanlon v Stuyvesant Plaza*, 195 AD2d 854, 855; *see, Otonoga v City of New York*, 234 AD2d 592, 593). In any event, that theory lacks merit. There was no proof that defendant was contractually obligated to load the rocks in 10-wheel trucks rather than semi-trailers and no proof that plaintiff relied to his detriment on any contractual obligation of defendant (*see, Palka v Servicemaster Mgt. Servs. Corp.*, 83 NY2d 579, 587). (Appeal from Order of Supreme Court, Erie County, Mintz, J.—Summary Judgment.) Present—Pine, J. P., Wisner, Hurlbutt, Scudder and Kehoe, JJ.