■ BRYAN S. MATACALE, Respondent, v COUNTY OF STEUBEN et al., Defendants, and SCL VENTURES, LLC, Appellant. [735 NYS2d 437] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff was injured when the vehicle he was driving collided head-on with another vehicle on a highway in the County of Steuben (County). He commenced this action against, *inter alia,* defendant SCL Ventures, LLC (SCL), the contractor that had been hired by the County to repave the subject highway. In fact, SCL had finished repaving the

highway and had left the job site the day before the accident occurred. SCL appeals from an order denying its motion for summary judgment dismissing the complaint against it.

Based on plaintiff's concessions at oral argument of this appeal, we modify the order by granting that part of the motion of SCL seeking summary judgment dismissing the complaint against it insofar as the complaint alleges that SCL was negligent in failing to place temporary striping on the road during or following the repaving work. Such restriping was not part of SCL's contractual responsibilities (*see generally, Palka v Servicemaster Mgt. Servs. Corp.,* 83 NY2d 579, 585-589). Additionally, we modify the order by granting that part of the motion of SCL seeking summary judgment dismissing the complaint against it insofar as the complaint may be read to allege that SCL was negligent in failing to notify the County that SCL had completed its work under the contract and was leaving the job site. That theory of liability was raised for the first time in opposition to SCL's motion, and "[i]t is well settled that a new theory, presented for the first time in opposition to a motion for summary judgment, cannot bar relief which is otherwise appropriate" (*Scanlon v Stuyvesant Plaza,* 195 AD2d 854, 855; *see, Yaeger v UCC Constructors,* 281 AD2d 990, 991; *Winters v St. Vincent's Med. Ctr.,* 273 AD2d 465; *Forester v Golub Corp.,* 267 AD2d 526, 527).

The complaint is viable, however, insofar as it alleges that SCL was negligent in leaving the highway in a condition unreasonably dangerous to motorists and in failing to warn motorists of that danger. " 'When one undertakes work in a public highway which, unless carefully done, will create conditions which are dangerous to members of the public using the highway, in the usual and ordinary manner, he is under a duty to use requisite care' " (*Wright v Tudor City Twelfth Unit,* 276 NY 303, 307, quoting *Boylhart v DiMarco & Reimann,* 270 NY 217, 221; *see, Tytell v Battery Beer Distrib.,* 202 AD2d 226, 227). SCL failed to meet its initial burden of establishing its entitlement to judgment as a matter of law with respect to that theory of liability and, in any event, plaintiff raised a triable issue of fact (*see generally, Zuckerman v City of New York,* 49NY2d 557, 562). (Appeal from Order of Supreme Court, Steuben County, Furfure, J.—Summary Judgment.) Present—Green, J. P., Hayes, Scudder, Kehoe and Burns, JJ.