■ PAULETTE WEBSTER, Individually and as Administrator of the Estate of JAMES J. WEBSTER, Deceased, Respondent, v TOWN OF SAUGERTIES et al., Respondents, et al., Defendant, and NORTH-EAST SOLITE CORPORATION, Appellant. [807 NYS2d 198]—

Cardona, P.J. Appeal from an order of the Supreme Court (Spargo, J.), entered December 20, 2004 in Ulster County, which denied a motion by defendant Northeast Solite Corporation for summary judgment dismissing the complaint against it.

Plaintiff's decedent was killed in April 2002 when the tractor-trailer he was operating was struck by a freight train at the Tissal Road railway crossing east of the Kings Highway intersection in the Town of Saugerties, Ulster County. Following commencement of the instant action,[1] defendant Northeast Solite Corporation (hereinafter defendant) moved for summary judgment dismissing the complaint against it. Supreme Court denied that motion and defendant now appeals, claiming that it cannot be held liable in negligence since it did not own, maintain or control the railway, the crossing or the train itself. Further-

1. We note that plaintiff's parallel action against the State was dismissed in 2003 (*see Webster v State of New York*, 2003 NY Slip Op 50590[U] [2003]).

more, it is argued that defendant CSX Transportation, Inc., as owner and operator of the railway, had a nondelegable duty to maintain the crossing which precludes a finding of liability against defendant.

The legal principles involved are familiar ones. First, to prevail on its motion, defendant "must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case" (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *accord Welch v Hauck*, 18 AD3d 1096, 1097 [2005], *lv denied* 5 NY3d 708 [2005]). Accordingly, it was incumbent upon defendant to produce admissible proof that it was not, to any extent, responsible for the dangerous condition leading to decedent's death (*see Galindo v Town of Clarkstown*, 2 NY3d 633, 636 [2004]; *Arsenault v Regan Trust*, 263 AD2d 754, 754 [1999]). To that end, defendant submitted the affidavit of its director and vice-president of operations, who indicated that it did not own, operate or otherwise control the train, the crossing or the road where the accident occurred. We, therefore, agree with Supreme Court's implicit determination that defendant met its initial burden on the motion with the production of this proof.

Therefore, the onus fell to plaintiff "to submit evidence raising a triable issue of fact" in order to defeat the motion (*Babbie v Boisvert*, 281 AD2d 845, 846 [2001]). In support of her theory that defendant controlled, made special use of, or created the dangerous condition, plaintiff presented the testimony of former employees of defendant who explained that defendant was involved in relocating the road to its present location and the relocation was done to accommodate defendant's business needs. These individuals also indicated that defendant placed warning signs at the crossing, advised its employees and others that the crossing was particularly dangerous and cleared brush from the crossing area. Plaintiff also submitted an affidavit from a land surveyor in which it was indicated that the relocation of Tissal Road involved the use of property owned by defendant and/or its predecessor in interest and, subsequent to the relocation, only a portion of the newly reconstructed road was deeded to the Town.[2] In view of plaintiff's submissions, we conclude that outstanding questions of fact concerning defendant's control or

---

**2.** We note that the surveyor's affidavit was originally submitted in an unrelated matter involving another vehicle/train collision at the Tissal Road crossing. In light of the fact that plaintiff was not a party to the earlier action, we decline defendant's invitation, in its reply brief (*see Fishman v Beach*, 237 AD2d 705, 706 [1997]), to ascribe preclusive effect to the determinations made

ownership of the situs of the accident—and, concomitantly, defendant's duty of reasonable care to decedent—warranted Supreme Court's denial of defendant's motion.

Finally, even assuming that Railroad Law § 21 places a non-delegable duty on CSX to maintain the railroad crossing (*see Albahae v Catskill Mtn. R.R. Co.*, 278 AD2d 639, 640 [2000]), by its terms the statute does not preclude another entity such as defendant from assuming a coextensive responsibility for maintaining the crossing in a reasonably safe manner.

Defendant's remaining contentions have been considered and found to be without merit.

Crew III, Peters, Spain and Kane, JJ., concur. Ordered that the order is affirmed, with one bill of costs.

by Supreme Court in that unrelated action (*see generally Gilberg v Barbieri*, 53 NY2d 285, 291-292 [1981]).