DONALD E. McGRATH et al., Respondents, v BRUCE BUILDERS, INC., Appellant, et al., Defendant. [831 NYS2d 817]—

Appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered April 7, 2006 in a personal injury action. The order denied the motion of defendant Bruce Builders, Inc. for dismissal of the complaint against it or, in the alternative, for summary judgment dismissing the complaint against it.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted and the complaint against defendant Bruce Builders, Inc. is dismissed.

Memorandum: Plaintiff Donald E. McGrath was injured when he tripped and fell on a clump of dirt or clay in a recently graded front yard while delivering a refrigerator to a house under construction by Bruce Builders, Inc. (defendant). Supreme Court erred in denying the motion of defendant insofar as it sought in the alternative summary judgment dismissing the complaint against it. Defendant established its entitlement to judgment as a matter of law by establishing that the premises were not in an unreasonably dangerous condition, either based on the fact that the driveway was blocked with paving equipment while it was being paved or based on the fact that the dirt in the front yard was spread to its final grade, in preparation for raking and seeding, and plaintiffs failed to raise a triable issue of fact to defeat the motion (*see O'Rourk v Menorah Campus, Inc.*, 13 AD3d 1154 [2004]; *Zalko v Sunrise Adult Health Care Ctr.*, 7 AD3d 616, 617 [2004]). Indeed, we note that plaintiffs improp-

erly relied upon a theory of liability raised for the first time in opposition to defendant's motion, i.e., that defendant may be liable as a third-party beneficiary of its contract with defendant Vernon Coon. Plaintiffs " 'cannot defeat an otherwise proper motion for summary judgment by asserting a new theory of liability . . . for the first time in opposition to [defendant's] motion' " (*Marchetti v East Rochester Cent. School Dist.*, 26 AD3d 881, 881 [2006]; *see Matacale v County of Steuben*, 289 AD2d 949, 950 [2001]). Present—Gorski, J.P., Centra, Lunn, Peradotto and Pine, JJ.