THECKEDATH MATHEW, M.D., Doing Business as CLINICAL AND INTERVENTIONAL CARDIOLOGY ASSOCIATES, Appellant, v JAGDISH MISHRA, M.D., Respondent, et al., Defendants. [838 NYS2d 292]—

Appeal from an order of the Supreme Court, Monroe County (Kenneth R. Fisher, J.), entered June 28, 2006. The order granted the motion of defendant Jagdish Mishra, M.D. for summary judgment dismissing the cause of action for breach of the covenant not to compete.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this breach of contract action against his former employees alleging, inter alia, that Jagdish Mishra, M.D. (defendant) violated the covenant not to compete clause in his employment contract. That clause precluded defendant from competing with plaintiff "in the practice of cardiology within a thirty mile radius of [plaintiff's] primary office" for a period of two years following defendant's termination of employment. Supreme Court properly granted defendant's motion for summary judgment dismissing the fifth cause of action, alleging that defendant breached the covenant not to compete by establishing a cardiology practice within 30 miles of the "geographic service area" of plaintiff's practice. Pursuant to the terms of the covenant not to compete, the 30-mile radius is measured from plaintiff's primary office, and the resulting area is defined in the contract as the "geographic ser-

vice area." Defendant established his entitlement to judgment as a matter of law inasmuch as the covenant not to compete prohibited him from establishing a practice within 30 miles of plaintiff's primary office rather than within 30 miles of the "geographic service area," as alleged in the fifth cause of action, and defendant established that his practice is located more than 30 miles from plaintiff's primary office (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Plaintiff failed to raise an issue of fact with respect to the location of defendant's practice and, instead, he opposed the motion by alleging that defendant violated the covenant not to compete by failing to resign his hospital privileges from three hospitals, as required by the covenant not to compete. Because that theory of liability is not alleged in the fifth cause of action, plaintiff failed to raise an issue of fact to defeat defendant's motion with respect to that cause of action. " '[A] plaintiff cannot defeat an otherwise proper motion for summary judgment by asserting a new theory of liability . . . for the first time in opposition to the motion' " (*Marchetti v East Rochester Cent. School Dist.*, 26 AD3d 881, 881 [2006]; *see McGrath v Bruce Bldrs., Inc.*, 38 AD3d 1278, 1279 [2007]). Present—Scudder, P.J., Hurlbutt, Lunn, Green and Pine, JJ.