■ PAT RODDY, Appellant, v NEDERLANDER PRODUCING COMPANY OF AMERICA, INC., et al., Respondents, et al. Defendants. (And a Third-Party Action.) [904 NYS2d 5]—

Order, Supreme Court, New York County (Louis B. York, J.), entered December 10, 2008, which denied renewal and reargument of a prior order, same court and Justice, entered on or about July 22, 2008, granting defendants-respondents' motion to dismiss the complaint and all cross claims as against them, and adhered to the original decision, unanimously affirmed, without costs. Appeal from the July 22, 2008 order unanimously dismissed, without costs, as superseded by the appeal from the order entered December 10, 2008. Appeal from an unfiled judgment, same court and Justice, dated October 3, 2008, unanimously dismissed, without costs.

Plaintiff dancer commenced this action seeking damages for personal injuries against his employer, Abhann Productions, Inc. (Abhann), which was later dismissed as a defendant under the Workers' Compensation Law, as well as against the owners of the theater, respondents The Gershwin Theater and Nederlander Producing Company of America, Inc. (collectively Gershwin). According to the complaint, plaintiff was injured when, while performing, he fell "due to the slipperiness of the stage and the presence and formation of excess moisture and/or liquid upon the stage emanating from or otherwise caused by the dry ice machine being used . . . to create 'fog.' " In his bill of particulars, plaintiff similarly alleged that he was injured when he leapt and landed on a "portion of stage which had been rendered un-safe and slippery due to excessive liquid and moisture thereupon caused by the dry ice machine operated by Defendants."

In *Roddy v Nederlander Producing Co. of Am., Inc.* (44 AD3d 556 [2007] [*Roddy I*]), we granted conditional summary judgment to Gershwin on its contractual indemnification claim against Abhann, finding that Gershwin established its prima facie case "by demonstrating, through deposition testimony and other evidence, that the fogger machines and floor that caused plaintiff's injury were under the exclusive control of Abhann, and that Abhann had directed every aspect of the work through which plaintiff was injured." (*Id.* at 556.) We also found that "[i]n light of the unrebutted prima facie demonstration that Gershwin was not negligent in the occurrence of the accident, General Obligations Law § 5-322.1 is inapplicable." (*Id.*) Based on this determination, Gershwin moved to dismiss the complaint under theories of res judicata, collateral estoppel and the law of the case.

As distinguished from issue preclusion and claim preclusion, the law of the case addresses the potentially preclusive effect of judicial determinations made in the course of a single litigation before final judgment (*see Matter of McGrath v Gold*, 36 NY2d 406, 413 [1975]), and is the applicable doctrine (*see People v Evans*, 94 NY2d 499, 502 [2000] [res judicata and collateral estoppel "generally deal with preclusion after judgment," i.e., after a claim or issue has been adjudicated "in a prior action"]). Under the doctrine, parties or their privies are "preclude[d from] relitigating an issue decided in an ongoing action where there previously was a full and fair opportunity to address the issue" (*Town of Massena v Healthcare Underwriters Mut. Ins. Co.*, 40 AD3d 1177, 1179 [2007]; *see Matter of Atlantic Mut. Ins. Co. v Lauria*, 291 AD2d 492 [2002]). Absent a showing of subsequent evidence or change of law, "[a]n appellate court's resolution of an issue on a prior appeal constitutes the law of the case and is binding on the Supreme Court, as well as on the appellate court" (*J-Mar Serv. Ctr., Inc. v Mahoney, Connor & Hussey*, 45 AD3d 809, 809 [2007]; *see Seaman v Wyckoff Hgts. Med. Ctr., Inc.*, 51 AD3d 1002 [2008], *lv denied* 11 NY3d 716 [2009]; *Sharp v Stavisky*, 242 AD2d 447 [1997], *lv dismissed* 91 NY2d 956 [1998]).

Here, plaintiff had a full and fair opportunity to address the issues decided adversely to his interests in *Roddy I*.

First, plaintiff was served with the indemnification motion. Although it is true that the moving papers state that the motion was addressed to Gershwin's indemnification claims against Abhann, not to the dismissal of the complaint, the issue of Gershwin's negligence was nevertheless apparent, with Gershwin citing the deposition testimony of both plaintiff and his wife, who was an associate producer of the show, that plaintiff was injured when he slipped on moisture that had been left on the floor of the stage by malfunctioning fog machines; that both the machines and the portable floor on which plaintiff slipped were the property of and under the exclusive control of the producers, who had brought them in for this production; and that there had been numerous complaints, of which the producers were aware, about recurring problems with the machines and slippery conditions on the floor. If plaintiff was dissatisfied with the adequacy of Abhann's response to Gershwin's proof that Gershwin was not negligent, it was incumbent on plaintiff to submit opposition to the motion sufficient to raise a material issue of fact as to Gershwin's negligence. Yet, plaintiff never sought to participate in the indemnification motion, electing instead to sit on his hands despite his material interest in the determination as to whether Gershwin was negligent or not.

Second, when Gershwin appealed from the denial of the indemnification motion, plaintiff was served with a notice of appeal, the record and the briefs and could have participated in the appeal as a respondent (CPLR 5511). Again, plaintiff elected not to participate, even though the issue of Gershwin's negligence was apparent from the record and plaintiff had a material interest in the determination of that issue.

As the motion court observed, these circumstances demonstrate that plaintiff made a tactical choice not to participate in the underlying motion and in *Roddy I*, despite both notice and a right to do so. Accordingly, plaintiff had a full and fair opportunity to litigate.

Contrary to plaintiff's arguments, our finding in *Roddy I* that Gershwin was not negligent was not merely obiter dictum. In granting conditional indemnity, the issue of Gershwin's negligence was necessarily involved in a determination on the merits and became the law of the case (*Scofield v Trustees of Union Coll.*, 288 AD2d 807 [2001]).

Nor has plaintiff presented competent subsequent evidence demonstrating Gershwin's negligence. As stated above, both the complaint and bill of particulars attributed the cause of the accident to moisture and liquid emanating from the dry ice machines. Plaintiff and his wife similarly testified at their depositions that water was coming from the smoke and dry ice machines. It was not until after a note of issue was filed and our decision in *Roddy I* that plaintiff for the first time served his expert disclosure under CPLR 3101 (d) in support of the theory that Gershwin was negligent in failing to properly operate the theater's air conditioning system. Plaintiff could not defeat Gershwin's motion by raising this new theory of liability (*see People v Grasso*, 54 AD3d 180, 212-213 [2008]; *Mathew v Mishra*, 41 AD3d 1230, 1231 [2007]).

Further, while annexing his CPLR 3101 (d) disclosure to his opposition to Gershwin's summary judgment motion, plaintiff did not produce an affidavit from the expert until he made his motion to renew and reargue. Even if we were to consider that belated submission, the expert's affidavit provided no empirical data to support the basis for his conclusions, which were speculative, conclusory, and lacking in probative value (*see Diaz v New York Downtown Hosp.* 99 NY2d 542 [2002]; *Itzkowitz v King Kullen Grocery Co., Inc.*, 22 AD3d 636, 637-638 [2005]). In particular, the expert provided no specific measurements of the temperature and humidity level of the theater on the night of plaintiff's accident, or of the air conditioning and fogger settings. Moreover, there is no evidence of specific requests to

Gershwin to increase or decrease the air conditioning due to the use of the fog machine.

We have considered plaintiff's other arguments and they are unavailing. Concur—Andrias, J.P., Friedman, Acosta, DeGrasse and Román, JJ.