■ SALLY WINNE, Respondent, v TOWN OF DUANESBURG et al., Defendants, and FLORIDA GULF CONSTRUCTION COMPANY, Doing Business as CRANBROOK CONSTRUCTION, Respondent, and JOHN M. MCDONALD ENGINEERING, P.C., Appellant. [927 NYS2d 209]—

McCarthy, J.

Defendant Town of Duanesburg entered into a contract with defendant John M. McDonald Engineering, P.C. (hereinafter defendant) to design a new sewer system for a portion of the Town and oversee its implementation. The Town entered into a separate contract with defendant Florida Gulf Construction Company, doing business as Cranbrook Construction (hereinafter Cranbrook), to construct the system. The project required Cranbrook to place main sewer lines in the roadways, with lateral sewer lines running from the main line to the boundaries of privately-owned properties in the sewer district. Defendant's plans called for the individual property owners to place a Town-issued, two-by-two wooden stake where they wanted the lateral line to enter their property. Cranbrook would install a lateral line from the main line to the edge of the road at the location on the property line marked by the homeowner's stake. Cranbrook would put the end of a two-by-four wooden stake at the end of the lateral line and backfill the hole, with the dirt supporting the stake. That stake marked the spot where the homeowner would later need to connect the home's sewer pipes to the lateral line.

After receiving notice and a stake from the Town, plaintiff contacted a private contractor to place her stake in a location designating where the sewer should be connected to her home. They placed the stake near her house, about 8 to 10 feet from her driveway. Apparently, rather than installing the lateral and placing a two-by-four stake where plaintiff's two-by-two stake had been located, Cranbrook drove its stake into the middle of plaintiff's asphalt driveway. The stake was also not placed along the edge of the road at plaintiff's property line, as was customary; the stake was pounded into her driveway about five feet from the edge of the road. Plaintiff sustained injuries when, unaware that a stake had been placed in her driveway, she tripped over it. She commenced this action to recover for her injuries. Cranbrook cross-claimed against its codefendants for contribution. Defendant moved for summary judgment dismissing both the complaint and Cranbrook's cross claim against it. Supreme Court denied the motion. Defendant appeals.

We affirm. "When considering a motion for summary judgment, courts must view the evidence in a light most favorable to

the nonmoving party and accord that party the benefit of every reasonable inference from the record proof, without making any credibility determinations" (*Black v Kohl's Dept. Stores, Inc.*, 80 AD3d 958, 959 [2011] [citations omitted]). "[L]iability for a dangerous or defective condition on property is generally predicated upon ownership, occupancy, control or special use of the property" (*Turrisi v Ponderosa, Inc.*, 179 AD2d 956, 957 [1992]). Defendant's contract with the Town provides that defendant "will not supervise, direct, control, or have authority over or be responsible for [Cranbrook's] means, methods, techniques, sequences, or procedures of construction" and "will not be responsible for the acts or omissions of [Cranbrook]." Despite this language, employees of defendant and Cranbrook testified at depositions that defendant's inspectors were present at the job site with Cranbrook's employees every day and oversaw the installation of every lateral line and the accompanying stakes. Defendant's design plans called for the placement of a stake at the end of each lateral line.

Cranbrook's employee testified that if a homeowner did not place the two-by-two stake to identify where the lateral should be installed, defendant's inspectors would direct Cranbrook where to place the lateral. Plaintiff testified that she saw her private contractor pound the stake into the ground, but her private contractor testified that he did not do so. Plaintiff's private contractor testified that plaintiff's two-by-two stake may have been leaned against her house where she wanted the sewer line, rather than pounded into the ground near the property line along the road as Cranbrook expected. Under that scenario, it is possible that Cranbrook—pursuant to established protocol—would have sought direction from defendant's inspectors as to where to put the lateral and, necessarily, the placement of the two-by-four.

Cranbrook's employee further testified that, upon hearing of plaintiff's accident, he was informed that defendant's inspector had directed Cranbrook employees to cut off the stake that they had pounded into plaintiff's driveway. A Cranbrook employee apparently obeyed that direction. While actions after the accident are not directly relevant to defendant's liability, they are relevant as proof that defendant exerted supervisory authority and control over Cranbrook in general, and in regard to the placement of stakes (*see Scudero v Campbell*, 288 NY 328, 329 [1942]; *Hughes v Cold Spring Constr. Co.*, 26 AD3d 858, 859 [2006]; *Cleland v 60-02 Woodside Corp.*, 221 AD2d 307, 308 [1995]). Resolving every factual question and inference in favor of plaintiff and Cranbrook, there are triable issues of fact

regarding whether defendant exercised control over Cranbrook and whether defendant directed Cranbrook as to where to locate the lateral and stake on plaintiff's property. Accordingly, as there is proof that defendant may have contributed to the creation of the dangerous condition that led to plaintiff's injuries, defendant was not entitled to summary judgment dismissing the complaint or cross claim against it (see *Saunders v Bryant's Towing*, 27 AD3d 992, 994 [2006]; *Webster v Town of Saugerties*, 25 AD3d 861, 862-863 [2006]; *Arsenault v Regan Trust*, 263 AD2d 754, 755 [1999]).

Peters, J.P., Rose, Lahtinen and Malone Jr., JJ., concur. Ordered that the order is affirmed, with one bill of costs.