McCarthy, J.
Appeal from an order of the Supreme Court (Crowell, J.), entered February 20, 2013 in Saratoga County, which denied a motion by defendant American Cancer Society, Eastern Division, Inc. for summary judgment dismissing the complaint and cross claim against it.
Defendant American Cancer Society, Eastern Division, Inc. (hereinafter ACS) entered into a contract with Mazzone Management, Inc. to hold a fundraising gala at the Hall of Springs in Saratoga County. Mazzone Management was to cater the gala and set up tables and chairs in accordance with ACS’s seating plan. While plaintiff Robert L. Stevenson (hereinafter plaintiff), a Mazzone Management employee, was arranging tables and chairs for the gala, he tripped over a cable placed by defendant American Concert & Entertainment Services, Inc. (hereinafter ACES), an entity hired by ACS to provide audiovisual services for the gala.
To recover for injuries sustained in the fall, plaintiff and his wife, derivatively, commenced this negligence action against ACS, ACES and defendant Saratoga Performing Arts Center, Inc.* In its answer, ACES cross-claimed against ACS for contribution. Following joinder of issue, ACS moved for summary judgment dismissing the complaint and cross claim against it. Supreme Court denied ACS’s motion. ACS appeals.
Supreme Court properly concluded that ACS owed plaintiff a duty of care. In the context of premises liability, a party owes a duty to take reasonable measures to protect others from danger *1087 ous conditions on the property only where that party owns, occupies or controls the property or makes a special use of it (see Winne v Town of Duanesburg, 86 AD3d 779, 781 [2011]; Noble v Pound, 5 AD3d 936, 938 [2004]). No party contends that ACS owned, leased or made special use of the Hall of Springs. However, ACS, as a licensee exercising control, owed a duty to those on the property to maintain the premises in a reasonably safe condition during the period of its use (see Torres v Washington Hgts. Bus. Improvement Dist. Mgt. Assn., Inc., 57 AD3d 214, 214 [2008]). Although “mere sponsorship, absent control, does not render [an entity] legally responsible” for defects on the premises (Vogel v West Mountain Corp., 97 AD2d 46, 47-48 [1983]), ACS’s involvement with the gala exceeded bare sponsorship. ACS entered into a contract with Mazzone Management for use of the Hall of Springs, approved the floor plan for the gala, hired ACES to provide audiovisual services, and hired a band for entertainment, and ACS representatives were present during and oversaw the set up and the event. An ACS representative testified at her deposition that she was present during the set up between 1:00 p.m. and 4:00 p.m. on the day prior to the event, that she performed a walk-through of the premises, and that if she had noticed any hazards — including tripping hazards — she would have pointed them out and had them remedied. As the record demonstrates that ACS “conceived of, planned, orchestrated and supervised the [gala],” it had control over the premises during the set up and the event and thereby owed a duty of care to those present to maintain the site in a reasonably safe condition (Golonka v Saratoga Teen & Recreation of Saratoga Springs, 249 AD2d 854, 855 [1998]; compare Johnson v Cherry Grove Is. Mgt., 175 AD2d 827, 828 [1991]; McGrath v United Hosp., 167 AD2d 518, 519 [1990]).
Supreme Court properly denied ACS’s motion for summary judgment because questions of fact exist as to its constructive notice of the defective condition. A party has constructive notice if the condition was visible and apparent “for a sufficient length of time prior to the accident to permit [the] defendant’s employees to discover and remedy it” (Gordon v American Museum of Natural History, 67 NY2d 836, 837 [1986]; accord Cerkowski v Price Chopper Operating Co., Inc., 68 AD3d 1382, 1384 [2009]). Viewing the evidence in a light most favorable to plaintiffs and giving them the benefit of every reasonable inference supported by the record, as we must on this summary judgment motion (see Winne v Town of Duanesburg, 86 AD3d at 780-781; Rought v Price Chopper Operating Co., Inc., 73 AD3d 1414, 1414 [2010]), ACS failed to meet its burden as a question of fact exists as to whether ACS had constructive notice of the untaped cable that allegedly caused plaintiff to fall.
*1088 Plaintiff testified that, immediately prior to and in the immediate vicinity of his fall, an ACS representative asked him to move a table or chairs. Plaintiff stated that the unsecured cable was clearly visible to him and the ACS representative at that time. Although plaintiff testified that he did not know how long the unsecured cable was present and that he had only been working in that area of the room for a few minutes prior to tripping on the cable, he also testified that he tripped at approximately 2:30 p.m. The ACES employee who laid the cable testified that he began laying it at 1:00 p.m., it would have taken 10 to 15 minutes to position it and he normally would have taped the cable to the floor “at most [10] minutes” after he positioned it, with the taping taking 10 minutes. According to plaintiff, the untaped cable was visible and apparent prior to his fall and an ACS representative could have seen it. Interpreting the evidence and resolving any credibility determinations in plaintiffs’ favor, the record supports an inference that the ACES employee may have laid the cable by 1:15 p.m., but did not immediately tape it down as he testified, because plaintiff asserts that he fell on an untaped cable at approximately 2:30 p.m. As the visible, dangerous condition that caused plaintiffs fall possibly existed for more than an hour, a question of fact exists as to whether ACS had constructive notice of that condition (see Negri v Stop & Shop, 65 NY2d 625, 626 [1985]). Accordingly, ACS failed to meet its initial burden that it lacked constructive notice, and it was not entitled to summary judgment (see Husted v Central N.Y. Oil & Gas Co., LLC, 68 AD3d 1220, 1222-1223 [2009]).
Lahtinen, J.E, Stein and Egan Jr., JJ., concur.
Ordered that the order is affirmed, with one bill of costs.

 The claim against Saratoga Performing Arts Center has been dismissed.