S. Timothy Ball, Respondent, v Richard L. Brodsky, Esq., Respondent, and Law Office of Peter Wessel, PLLC, et al., Appellants, et al., Defendants. [5 NYS3d 380]—

Order, Supreme Court, New York County (Joan M. Kenney, J.), entered February 27, 2014, which denied defendants Law Office of Peter Wessel, PLLC and Peter Wessel, Esq.'s motion for partial summary judgment, unanimously affirmed, without costs.

The Wessel defendants are correct that the May 1, 2002 letter agreement that defendant Richard L. Brodsky, Esq. sent to Peter Wessel, Esq. (Mr. Wessel) is a valid contract, although Mr. Wessel did not sign it (*see e.g. Flores v Lower E. Side Serv. Ctr., Inc.*, 4 NY3d 363, 368 [2005]). However, there is an issue of fact whether Brodsky and Mr. Wessel modified that agreement by their conduct (*see Rose v Spa Realty Assoc.*, 42 NY2d 338, 343 [1977]). While the document states, "This letter covers all matters between us, both existing and in the future, unless modified by written agreement," Mr. Wessel admitted that there were instances when he and Brodsky departed from the terms of the letter agreement, although the agreement was never modified in writing.

The Wessel defendants contend that, even if they and Brodsky occasionally departed from the May 2002 letter agreement in that Brodsky sometimes received *less* than 21.25% of what they received, there was never an instance when he received *more* than 21.25%. However, they made this argument for the first time in their reply; Brodsky should have an opportunity to give examples (if any) of receiving more than 21.25% (*see generally Ritt v Lenox Hill Hosp.*, 182 AD2d 560,

562 [1st Dept 1992]). Moreover, there is a dispute as to the amount on which the Wessel defendants calculate 21.25%.

Brodsky asserted a cross claim against the Wessel defendants, alleging that he and they agreed to split certain legal fees 50-50. In a prior order, the court struck this cross claim due to Brodsky's failure to provide discovery. The Wessel defendants contend that law of the case means that Brodsky may not argue in opposition to their summary judgment motion that he and they agreed to split the fees 50-50. This argument is unavailing, because the merits of Brodsky's cross claim were never litigated (*see Roddy v Nederlander Producing Co. of Am., Inc.*, 73 AD3d 583, 585 [1st Dept 2010], *revd on other grounds* 15 NY3d 944 [2010]).

We have considered Brodsky's requests to transfer this case to Westchester County and to dismiss the Wessel defendants' alleged cross claim against him and find them unavailing. Concur—Mazzarelli, J.P., Sweeny, Moskowitz, Clark and Kapnick, JJ.