■ MARY R. SCANLON, Respondent, v STUYVESANT PLAZA, INC., et al., Appellants. [600 NYS2d 810] —Weiss, P. J. Appeal from an order of the Supreme Court (Travers, J.), entered

March 9, 1992 in Rensselaer County, which denied defendants' motions for summary judgment dismissing the complaint.

Plaintiff was employed as a data entry machine operator in an office building owned by defendant Stuyvesant Plaza, Inc. On October 10, 1988, before her work shift commenced, plaintiff went directly to the women's rest room at which time she failed to notice anything unusual on the floor. Upon exiting plaintiff slipped and fell on a substance on the floor, which she later described as odorless, clear and oily. After falling she also noticed that the door of a nearby janitorial closet, used by the custodial staff of defendant Albany Janitors Service, Inc. (hereinafter AJS), was open. Following joinder of issue in this personal injury action, both defendants cross-moved for summary judgment. Supreme Court found that plaintiff failed to establish that defendants were responsible for any liquid spills or that either party had actual or constructive notice of such a spill. However, the motions were denied because plaintiff's opposition included the affidavit of a professional engineer indicating that the coefficient of friction on the tile floor on which plaintiff fell was sufficiently below industry standards to create a hazardous condition which independently contributed to the fall. Defendants appeal the denial of their motions.

Initially, we agree that plaintiff failed to raise triable issues of fact respecting negligence by offering proof that either defendant was responsible for the spill or that either had actual or constructive notice thereof. The affidavits of AJS employees indicate ignorance of knowledge of any spill and plaintiff herself could not identify the substance as a cleaning supply. Given the purely speculative nature of plaintiff's allegations, responsibility for any spilled substance cannot be established solely because of the proximity of a janitorial supply closet or because janitorial employees were somewhere in the building at the time.

Nor do we agree that plaintiff raised factual questions as to whether the allegedly overpolished tile floor, an argument raised for the first time in opposition to the motions, was an independent contributing cause of the fall. In our view, defendants' argument had merit because the complaint, as limited by plaintiff's bill of particulars *(see, Gavigan v Gavigan,* 123 AD2d 823, 824; 84 NY Jur 2d, Pleading, § 334, at 561) posits as the sole theory of negligence that defendants caused the liquid spill which precipitated her fall. It is well settled that a new theory, presented for the first time in opposition to a motion for summary judgment, cannot bar relief which is otherwise appropriate *(see, Alvarez v Lindsay Park Hous.*

*Corp.,* 175 AD2d 225, 226). Accordingly, we conclude that Supreme Court erred in failing to grant defendants' motions in their entirety.

Mercure, Mahoney and Casey, JJ., concur. Ordered that the order is reversed, on the law, with one bill of costs, motions granted, summary judgment awarded to defendants and complaint dismissed.