■ NANCY ARGENZIANO, Respondent, v MAURO ROMITA et al., Defendants, and ST. VINCENT'S HOSPITAL AND MEDICAL CENTER

OF NEW YORK, Appellant. [672 NYS2d 340] —Order, Supreme Court, New York County (Karla Moskowitz, J.), entered April 3, 1997 which, to the extent appealed from as limited by the briefs, denied the motion of defendant-appellant St. Vincent's Hospital for summary judgment, unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed as against St. Vincent's. The Clerk is directed to enter judgment accordingly.

The affirmation of plaintiff's medical expert, dated December 10, 1996, which the court did consider, opined that the medical treatment rendered to plaintiff in February 1993 by her plastic surgeon, defendant Dr. Romita, deviated from accepted medical standards and resulted in plaintiff's injuries. The expert specifically found that "use of dissolving plication sutures in the repair of the diastasis recti was inappropriate" and that "the protruding umbilical stalk was an unnecessary byproduct of the surgery." The expert makes no mention, however, of St. Vincent's or its general surgical resident, Dr. Norman, who assisted Dr. Romita, a private attending physician at St. Vincent's.

Dr. Romita, who had no independent recollection of Dr. Norman, testified at his deposition that Dr. Norman "[h]eld retractors, performed suction, he exposes tissue for me. If I cauterize the bleeder, he cauterizes the bleeder, and that's basically what he does." Dr. Romita testified that, other than himself, neither Dr. Norman nor anyone else made any incisions or applied any sutures or staples to plaintiff. Plaintiff never sought to depose Dr. Norman and relied solely upon St. Vincent's records, which indicated Dr. Norman's participation in plaintiff's preoperative and postoperative care, as well as the operation itself.

Thus, the opposing affirmations and supporting exhibits in the record considered by the motion court are insufficient to create an issue of fact as to whether defendant hospital or its general surgical resident should have known that Dr. Romita's use of plication sutures was " 'so clearly contraindicated' " for use in the plastic surgery performed on plaintiff that Dr. Norman knew or should have known that their use was inappropriate or that inquiry into the correctness of the procedure was required (*Warney v Haddad*, 237 AD2d 123). Concur—Sullivan, J. P., Rosenberger, Rubin, Tom and Andrias, JJ.