■ CAROL WINTERS, Appellant, v ST. VINCENT's MEDICAL CENTER OF RICHMOND, Defendant and Third-Party Plaintiff-Respondent. H.B.B.A., INC., Doing Business as PARKING AssOCIATES, Third-Party Defendant-Respondent. [711 NYS2d 892] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (Lebowitz, J.), dated May 18, 1999, which granted the separate motions of the defendant and the third-party defendant for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with one bill of costs.

After the defendant and third-party defendant made out prima facie cases for summary judgment, the plaintiff, in opposition to the motions, alleged for the first time that she was forced to walk through an automatic vehicle gate in a parking lot because of negligent snow removal.

The Supreme Court appropriately refused to consider the allegation. A plaintiff cannot defeat an otherwise proper motion for summary judgment by asserting a new theory of liability for negligence for the first time in opposition to the motion (*see, Scanlon v Stuyvesant Plaza*, 195 AD2d 854; *Alvarez v Lindsay Park Hous. Corp.*, 175 AD2d 225). Accordingly, the Supreme Court properly granted the motions for summary judgment.

The plaintiff's remaining contentions are without merit. O'Brien, J. P., Goldstein, Luciano and Smith, JJ., concur.