EDWIN JOHNSTON, JR., et al., Respondents, v CITY OF NEW YORK, Appellant. [793 NYS2d 192]—

In an action, inter alia, to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Knipel, J.), dated December 17, 2003, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The infant plaintiff, Jasmine B. Johnston, was burned when she slipped and fell into a bathtub containing very hot water. The plaintiffs alleged that the hot water recurrently accumulated in the bathtub because of plumbing defects, including a malfunction of the drain mechanism and the continuous leaking of hot water from the shower head. The mother of the infant plaintiff, Debra Johnston, previously complained to the building superintendent, who was unable to fix the problem.

The defendant, the owner of the building where the accident occurred, moved for summary judgment dismissing the complaint on the ground that the infant plaintiff did not identify what caused her to slip and fall into the bathtub. In opposition to the motion, the infant plaintiff submitted an affidavit attributing the cause of her fall to the bathroom's uneven and deteriorated floor. The defendant contended, in its papers in reply,

that the plaintiffs raised this theory of negligence for the first time in its opposition to the motion. The Supreme Court denied the defendant's motion for summary judgment, finding a triable issue of fact as to whether the defendant had constructive notice of a defect in the floor based upon the superintendent's inspection, and whether the superintendent's failure to repair the floor proximately caused the accident. We affirm.

While "[a] plaintiff cannot defeat an otherwise proper motion for summary judgment by asserting a new theory of liability for negligence for the first time in opposition to the motion" (*Winters v St. Vincent's Med. Ctr. of Richmond*, 273 AD2d 465 [2000]), the plaintiffs did not assert for the first time in opposition to the defendant's motion that a defect in the floor caused the infant plaintiff to slip. In the plaintiffs' bill of particulars, they alleged that a "holey, uneven, unlevel, trap-like condition" caused the accident, which could only have indicated a defect in the bathroom floor.

Moreover, the testimony of the mother of the infant plaintiff at a hearing pursuant to General Municipal Law § 50-h, that the building superintendent visited the bathroom before the accident to inspect it for problems, raised a triable issue of fact as to whether the defendant had constructive notice of the defect, and whether the superintendent's failure to repair the floor proximately caused the accident (*see Torres v Jeremias*, 283 AD2d 484 [2001]). Cozier, J.P., Krausman, Mastro and Fisher, JJ., concur.