■ Boris Golubov et al., Appellants, v David M. Wolfson et al., Respondents, et al., Defendants. [801 NYS2d 914]—In an action to recover damages for medical malpractice, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Levine, J.), dated March 31, 2004, as granted the motion of the defendants David M. Wolfson and David M. Wolfson, M.D.P.C., F.A.C.P., for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

On their motion for summary judgment, the defendants Dr. David M. Wolfson and David M. Wolfson, M.D.P.C., F.A.C.P. (hereinafter the Wolfson defendants), met their burden of demonstrating their entitlement to judgment as a matter of law (*see Zuckerman v City of New York,* 49 NY2d 557 [1980]). In response, the plaintiffs failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 327 [1986]). Accordingly, the Supreme Court properly granted the Wolfson defendants' motion (*see Argenziano v Romita,* 250 AD2d 384, 385 [1998]).

The plaintiffs claimed that the Wolfson defendants were vicariously liable for the medical malpractice of the defendant Dr. Regina Grinker. This was a new theory of liability which was asserted for the first time in opposition to the summary judgment motion (*see Araujo v Brooklyn Martial Arts Academy,* 304 AD2d 779, 780 [2003]; *Winters v St. Vincent's Med. Ctr. of Richmond,* 273 AD2d 465 [2000]; *Gustavsson v County of Westchester,* 264 AD2d 408, 409 [1999]) and thus, was properly rejected.

The plaintiffs' remaining contentions are without merit. Crane, J.P., Santucci, Mastro and Dillon, JJ., concur.