■ SELINA VAZQUEZ, Respondent, v GUN HILL ASSOCIATES, LLC, Appellant. [996 NYS2d 645]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Pineda-Kirwan, J.), entered September 13, 2013, which denied its motion for summary judgment dismissing the amended complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the amended complaint is granted.

The Supreme Court denied the defendant's motion for summary judgment on the basis that it had failed to submit a complete set of the pleadings with its motion, as required by CPLR 3212 (b) (*see e.g. Fiber Consultants, Inc. v Fiber Optek Interconnect Corp.*, 84 AD3d 1153 [2011]; *Liberty Doorworks, Inc. v Baranello*, 83 AD3d 1011 [2011]; *Matter of Fraternal Order of Eagles v Board of Assessors*, 73 AD3d 770 [2010]). The court reasoned that, since the defendant had included an amended complaint with its motion papers, it was required to include an amended answer. However, the defendant could not submit an amended answer because no such pleading existed. Accordingly, the Supreme Court should not have denied the motion on the basis of a purported failure to comply with CPLR 3212 (b).

On the merits, in a trip-and-fall case, a defendant moving for summary judgment has the initial burden of making a prima facie showing that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it (*see Jackson v Jamaica First Parking, LLC*, 91 AD3d 602, 602-603 [2012]; *Tsekhanovskaya v Starrett City, Inc.*, 90 AD3d 909, 910 [2011]; *Arzola v Boston Props. Ltd. Partnership*, 63 AD3d 655, 656 [2009]). Here, the defendant satisfied its prima facie burden by showing that there was no hazardous condition and that the

plaintiff simply missed the exterior platform step as she exited the defendant's building. In opposition, the plaintiff submitted only the affirmation of counsel, which was insufficient to raise a triable issue of fact.

Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the amended complaint. Balkin, J.P., Leventhal, Hinds-Radix and LaSalle, JJ., concur.