■ Nicole M. Koster, Appellant, v Thomas M. Davenport et al., Respondents. [37 NYS3d 323]—

In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Nassau County (Sher, J.), dated June 26, 2014, which denied her motion for summary judgment on the issue of liability against all of the defendants, and granted the separate cross motions of the defendants Thomas M. Davenport and Long Island Plastic Surgical Group, P.C., and the defendant Winthrop University Hospital for summary judgment dismissing the complaint insofar as asserted against each of them.

Ordered that the order is affirmed, with one bill of costs payable to the defendants appearing separately and filing separate briefs.

In August 2011 the plaintiff underwent the last of three spinal surgeries at the defendant Winthrop University Hospital (hereinafter the hospital). The defendant Thomas M. Davenport, a member of the defendant Long Island Plastic Surgical Group, P.C. (hereinafter LIPSG), closed the plaintiff's surgical incision at the end of the procedure. The operative report stated that Davenport used the suture material Monocryl to close the surgical incision. However, it was later revealed that he actually used Monocryl Plus, which was coated with triclosan. The plaintiff's surgical wounds from the first two spinal surgeries were closed with Monocryl and healed without incident. A few weeks after the plaintiff's third surgery, she began experiencing an adverse reaction at the incision site. She followed up with Davenport who, upon examination, suggested that the reaction might have been caused by the sutures. While the wound eventually healed, it allegedly left a painful and unattractive scar.

The plaintiff commenced the instant action alleging that Davenport was negligent because he unknowingly used Monocryl Plus to close the plaintiff's surgical incision, rather than Monocryl, which he allegedly intended to use. The plaintiff further alleged that the hospital was negligent for failing to comply with an order by Davenport to provide Monocryl. The plaintiff moved for summary judgment against the defendants on the issue of liability. The plaintiff argued that she was alleging ordinary negligence, and she did not submit an expert affidavit in support of her motion. The defendants Davenport and LIPSG (hereinafter together the Davenport defendants) and the hospital separately opposed the plaintiff's motion for summary judgment and filed separate cross motions for summary judgment dismissing the complaint insofar as asserted against each of them. The Davenport defendants submitted an expert affidavit upon which the hospital also relied. The Supreme Court denied the plaintiff's motion for summary judgment and granted the separate cross motions of the Davenport defendants and the hospital.

The Supreme Court properly denied the plaintiff's motion for summary judgment on the issue of liability because, contrary to the plaintiff's contention, this action sounds in medical malpractice, and an affidavit by a medical expert was necessary to establish a prima facie case against the defendants. " '[T]he distinction between medical malpractice and negligence

is a subtle one, for medical malpractice is but a species of negligence and no rigid analytical line separates the two' " (*Tracy v Vassar Bros. Hosp.*, 130 AD3d 713, 714-715 [2015], quoting *Weiner v Lenox Hill Hosp.*, 88 NY2d 784, 787 [1996]). "Conduct may be deemed malpractice, rather than negligence, when it 'constitutes medical treatment or bears a substantial relationship to the rendition of medical treatment by a licensed physician' " (*Scott v Uljanov*, 74 NY2d 673, 674-675 [1989], quoting *Bleiler v Bodnar*, 65 NY2d 65, 72-73 [1985]; see *D'Elia v Menorah Home & Hosp. for the Aged & Infirm*, 51 AD3d 848, 851 [2008]). "By contrast, when the gravamen of the complaint is not negligence in furnishing medical treatment to a patient, but the hospital's failure in fulfilling a different duty, the claim sounds in negligence" (*Weiner v Lenox Hill*, 88 NY2d at 788 [internal quotation marks and citation omitted]).

Here, the crux of the plaintiff's case concerns the defendants' alleged failure to use and/or provide the correct suture material, which is an allegation of medical malpractice. Indeed, a claim based upon the allegation that the wrong suture material was used in suturing a surgical wound concerns the "performance of functions that are an integral part of the process of rendering medical treatment . . . to a patient" (*D'Elia v Menorah Home & Hosp. for the Aged & Infirm*, 51 AD3d at 851 [internal quotation marks omitted]; see *Scott v Uljanov*, 74 NY2d at 675; see also *Argenziano v Romita*, 250 AD2d 384, 385 [1998]). The plaintiff failed to establish a prima facie case of medical malpractice because she did not present any expert medical testimony indicating that the use of Monocryl Plus was a deviation from the applicable standard of care (see *Deadwyler v North Shore Univ. Hosp. at Plainview*, 55 AD3d 780, 781 [2008]; *Harper v Findling*, 38 AD3d 601, 601-602 [2007]). Furthermore, the plaintiff failed to meet her initial burden based on the doctrine of res ipsa loquitur because she did not establish, prima facie, that her alleged injury was one that would not ordinarily have occurred in the absence of someone's negligence (see *Rakauskas v Arden Shell Corp.*, 134 AD3d 1087, 1087 [2015]; *Lau v Ky*, 63 AD3d 801, 801 [2009]). Thus, the plaintiff's motion was properly denied without regard to the sufficiency of the opposing papers (see *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

The Supreme Court also properly granted the separate cross motions of the Davenport defendants and the hospital for summary judgment dismissing the complaint insofar as asserted against each of them (see *Lesniak v Stockholm Obstetrics & Gynecological Servs., P.C.*, 132 AD3d 959, 961 [2015]; *Monzon v*

*Brown*, 130 AD3d 884, 885 [2015]; *Dorsett v Kingsbrook Jewish Med. Ctr.*, 93 AD3d 631, 631 [2012]). In support of their respective motions, the defendants relied on an affidavit of an expert plastic surgeon who, upon reviewing the plaintiff's medical records, opined to a reasonable degree of medical certainty that the use of Monocryl Plus was appropriate and that the plaintiff was provided with care and treatment that conformed to good and accepted medical practice. The plaintiff did not submit an expert affidavit in opposition and, therefore, failed to raise a triable issue of fact (*see Webb v Scanlon*, 133 AD3d 1385, 1387 [2015]; *Rivers v Birnbaum*, 102 AD3d 26, 48 [2012]; *D'Elia v Menorah Home & Hosp. for the Aged & Infirm*, 51 AD3d at 851). Chambers, J.P., Dickerson, Duffy and LaSalle, JJ., concur.