Bethune v Monhian (2019 NY Slip Op 00415)





Bethune v Monhian


2019 NY Slip Op 00415


Decided on January 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2015-11893
 (Index No. 12887/12)

[*1]Sororazam Bethune, appellant, 
v
Nathan Monhian, etc., respondent.


Sororazam Bethune, Stamford, CT, appellant pro se.
Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara & Wolf, LLP, Brooklyn, NY (Denise Buda of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Nassau County (Denise L. Sher, J.), entered October 19, 2015. The order granted the defendant's motion for summary judgment dismissing the complaint. The appeal brings up for review so much of an order of the same court entered February 19, 2016, as denied that branch of the plaintiff's motion which was for leave to renew her opposition to the defendant's motion (see CPLR 5517[b]).
ORDERED that the appeal from the order entered October 19, 2015, is affirmed; and
it is further,
ORDERED that the order entered February 19, 2016, is affirmed insofar as reviewed; and it is further,
ORDERED that the defendant is awarded one bill of costs.
The plaintiff commenced this action alleging that she suffers from tinnitus, hearing loss, and a tympanic membrane perforation as a result of the defendant's negligent prescription and improper instructions regarding the administration of the drug Lotrisone. The Supreme Court, in an order entered October 19, 2015, granted the defendant's motion for summary judgment dismissing the complaint, and the plaintiff appeals. The appeal brings up for review so much of an order of the same court entered February 19, 2016, as denied that branch of the plaintiff's motion which was for leave to renew her opposition to the defendant's motion for summary judgment.
The defendant established his prima facie entitlement to judgment as a matter of law dismissing the complaint through the affirmation of his expert, an otolaryngologist. The affirmation demonstrated that the treatment of the plaintiff's ear infection with Lotrisone was performed in accordance with good and accepted standards of medical practice and, in any event, that any departure was not the proximate cause of the plaintiff's injuries (see Spiegel v Beth Israel Med. Ctr.-Kings Hwy. Div., 149 AD3d 1127, 1128; DiGeronimo v Fuchs, 101 AD3d 933, 936; Stukas v Streiter, 83 AD3d 18, 25). In opposition, the plaintiff failed to raise a triable issue of fact. To raise a triable issue of fact to defeat the defendant's motion, the plaintiff was required to submit [*2]"evidentiary facts or materials to rebut the prima facie showing by the defendant physician" beyond mere "[g]eneral allegations of medical malpractice" (Alvarez v Prospect Hosp., 68 NY2d 320, 324-325). "At the very least, some statement of medical expertise was required" (Juba v Bachman, 255 AD2d 492, 493). Here, the plaintiff did not submit an expert affirmation to rebut the respondent's prima facie showing (see Cohen v Lebgutt Realty, LLC, 158 AD3d 740, 741; Koster v Davenport, 142 AD3d 966, 969; Savage v Quinn, 91 AD3d 748, 750).
We agree with the Supreme Court's denial of that branch of the plaintiff's motion which was for leave to renew her opposition to the defendant's motion for summary judgment (see CPLR 2221[e]). The plaintiff did not meet her burden of providing new facts or demonstrating a change in the law that would change the court's determination to grant the defendant's motion.
ROMAN, J.P., HINDS-RADIX, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court