Thaler v Varlotta (2021 NY Slip Op 03009)





Thaler v Varlotta


2021 NY Slip Op 03009


Decided on May 11, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 11, 2021

Before: Kern, J.P., González, Scarpulla, Mendez, JJ. 


Index No. 805366/15 Appeal No. 13798 Case No. 2020-04735 

[*1]Steven Thaler et al., Plaintiffs-Appellants,
v
Gerard P. Varlotta, D.O., et al., Defendants-Respondents.


Law Office of Paul A. Hayt, New York (Paul A. Hayt of counsel), for appellants.
Heidell, Pittoni, Murphy & Bach, LLP, New York (Daniel S. Ratner of counsel), for respondents.



Order, Supreme Court, New York County (Joan A Madden, J.), entered September 16, 2020, which, inter alia, granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Defendants made a prima face showing of their entitlement to summary judgment, through the opinion of their medical expert, that the facet joint injections and the dosage of corticosteroid were given in accordance with the applicable standard of care (see Anyie B. v Bronx Lebanon Hosp., 128 AD3d 1, 3 [1st Dept 2015]). Defendants also submitted evidence demonstrating that plaintiff consented to the procedure after proper disclosure of risks and benefits.
In opposition, plaintiffs failed to raise an issue of fact that defendant doctor failed to adhere to sterile technique because this assertion was not substantiated by facts in the record (see Diaz v Downtown Hosp., 99 NY2d 542, 544 [2002]). Plaintiffs' expert also failed to raise an issue of fact as to whether defendant doctor departed from accepted practice in administering an "excessive" dose of corticosteroid because the opinion was premised entirely on the manufacturer's recommendations as the "sole determinant" of the standard of care (Spensieri v Lasky, 94 NY2d 231, 239 [1999]; see Hinlicky v Dreyfuss, 6 NY3d 636, 647 [2006]).
Further, plaintiffs' expert failed to opine that any lack of informed consent was a proximate cause of the patient's injuries; thus the motion court properly dismissed that claim (see Denis v Manhattanville Rehabilitation & Health Care Ctr., LLC, 111 AD3d 406, 407 [1st Dept 2013], lv denied 22 NY3d 863 [2014]).
Plaintiffs improperly raise res ipsa loquitur as a theory of liability for the first time on appeal; therefore we do not address it. In any event, they failed to establish that the infection would not have happened absent negligence (see Koster v Davenport, 142 AD3d 966, 968 [2d Dept 2016], lv denied 28 NY2d 911 [2016]). Moreover, under the circumstances presented, the court appropriately considered defendants' reply papers (see Feliciano v New York City Health & Hosps. Corp., 62 AD3d 537, 538 [1st Dept 2009]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 11, 2021