Fasce v Catskill Regional Med. Ctr. (2022 NY Slip Op 05906)

Fasce v Catskill Regional Med. Ctr.

2022 NY Slip Op 05906

Decided on October 20, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 20, 2022

533910
[*1]John Fasce, as Administrator of the Estate of Ann T.Fasce, Deceased, Appellant,
v
Catskill Regional Medical Center, Respondent.

Calendar Date:September 9, 2022

Before:Garry, P.J., Egan Jr., Lynch, Clark and Ceresia, JJ.

Landers & Cernigliaro, PC, Carle Place (Stanley A. Landers of counsel), for appellant.
Kaufman Borgeest & Ryan, LLP, Valhalla (Ruth Corcoran of counsel), for respondent.

Lynch, J.
Appeal from an order of the Supreme Court (Stephan G. Schick, J.), entered March 22, 2021 in Sullivan County, which granted defendant's motion for summary judgment dismissing the complaint.
This case comes to us for a second time (Fasce v Smithem, 188 AD3d 1542 [3d Dept 2020]). Plaintiff, as administrator of the estate of Ann T. Fasce (hereinafter decedent), commenced an action against defendant and two of its employees — Denise Smithem, a nurse practitioner, and Rajan Dey, a physician — alleging claims for medical malpractice and wrongful death related to medical care decedent received at defendant's hospital between September 18, 2016 through her death on September 22, 2016. Following joinder of issue, plaintiff sought to amend the complaint to add Crystal Run Healthcare Physicians, LLP and Crystal Run Healthcare (hereinafter collectively referred to as Crystal Run) as defendants and to discontinue the action against Smithem and Dey (id. at 1543). Supreme Court granted the motion in its entirety. Upon Crystal Run's appeal, this Court modified the order by "reversing so much thereof as granted that part of plaintiff's motion seeking to add Crystal Run . . . as defendants," denied the motion to said extent "and, as so modified, affirmed" (id. at 1544). Defendant thereafter moved for summary judgment dismissing the complaint (see CPLR 3212), emphasizing that the original complaint sought to hold it vicariously liable for the alleged malpractice of Smithem and Dey and, because the action against them had been dismissed, plaintiff no longer had any viable claim against it. Supreme Court granted defendant's motion, and this appeal by plaintiff ensued.
With the initial appeal resolved, plaintiff has no claim of vicarious liability related to Smithem or Dey. The question presented is whether plaintiff may pursue a claim of vicarious liability related to the care others provided to decedent. The complaint alleged that "[d]efendants[] departed from the standard of care by failing to call [for] a renal consultation despite kidney dysfunction and reduced GFR; continuing diuretics . . . despite worsening renal function; and not ordering lactic acid level to be determined and giving 80 mg Lasix daily by I.V. despite [decedent] being on 20 mg Lasix at home." Plaintiff's bill of particulars broadly stated that "[d]efendant . . . is vicariously liable for the negligence of its agents and employees, specifically including" Smithem and Dey.
In opposition to defendant's summary judgment motion, plaintiff submitted the affidavit of his attorney contending that defendant "is vicariously liable for the acts of all the health care providers who were assigned by the [h]ospital to care for [decedent]," including Kim Tam Vaugeois, the emergency room doctor who admitted decedent to the hospital. Vaugeois was employed by Crystal Run Health Care and contracted to work at the hospital. Plaintiff also submitted an affirmation from Ellen Bondar, a physician board certified [*2]in internal medicine, who opined that Vaugeois departed from accepted standards of medical care by, among other things, failing to (1) take a proper history of decedent, (2) formulate a differential diagnosis regarding decedent's dyspnea and (3) document a systolic murmur upon physical examination. Bondar's affirmation also referenced alleged medical departures by Syed Jafri, an internist/
cardiologist who treated decedent.
A plaintiff cannot "'raise a new or materially different theory of recovery against a party from those pleaded in the complaint and the bill of particulars'" for the first time in opposition to a motion for summary judgment (Anonymous v Gleason, 175 AD3d 614, 617 [2d Dept 2019], quoting Palka v Village of Ossining, 120 AD3d 641, 643 [2d Dept 2014]; see Scanlon v Stuyvesant Plaza, 195 AD2d 854, 855-856 [3d Dept 1993]). To the extent that Bondar raised a new theory of liability pertaining to cardiac care, we agree with defendant that plaintiff failed to raise a viable question of fact for trial (see Alvarez v Prospect Hosp., 68 NY2d 320, 327 [1986]; Anonymous v Gleason, 175 AD3d at 617; Iodice v Giordano, 170 AD3d 971, 972 [2d Dept 2019]; Palka v Village of Ossining, 120 AD3d at 643; Abalola v Flower Hosp., 44 AD3d 522, 522 [1st Dept 2007]; Golubov v Wolfson, 22 AD3d 635, 636 [2d Dept 2005]). Neither Vaugeois nor Jafri was named in the complaint or bill of particulars. The claimed acts of malpractice pertaining to cardiac care were entirely different from the theories of liability set forth in the pleadings and did not "necessarily flow[] from the information conveyed" therein (Boyer v Kamthan, 130 AD3d 1176, 1178 [3d Dept 2015]; see Bacalan v St. Vincents Catholic Med. Ctrs. of N.Y., 179 AD3d 989, 992-993 [2d Dept 2020]).
Contrary to the argument in defendant's brief, however, Bondar did not abandon the underlying theory set forth in the complaint pertaining to decedent's renal failure. In particular, Bondar averred that Vaugeois failed to take a proper history from decedent as to her chronic kidney disease. Notably, the record indicates that decedent had been admitted to the hospital in January 2016 and March 2016 with similar symptoms of shortness of breath and edema. For his part, Vaugeois conceded in his deposition that he did not take a history pertaining to kidney disease. Beyond that, Bondar opined that Vaugeois' failure to order a nephrology consult was a "departure" from the standard of care. Bondar continued that "a consult would likely have resulted in proper treatment, particularly the discontinuance of Lasix before the patient developed acute renal failure."
The foregoing does not raise a new theory of liability, but points to Vaugeois, the hospitalist who admitted and initially rendered care to decedent, as the negligent party. As noted above, plaintiff's bill of particulars speaks to defendant's "agents and employees, specifically including" Smithem and Dey (emphasis added). The word "including" is not exclusive[*3], leaving open the prospect that vicarious liability was premised on the negligence of other providers. "A hospital is responsible for the malpractice of . . . a professional whom it holds out as performing the services it offers, even though in fact he or she is an independent contractor" (1B NY PJI3d 2:150 at 90-91 [2021]; see Hill v St. Clare's Hosp., 67 NY2d 72, 79-81 [1986]). At the very least, a question of fact is presented as to whether liability may be imposed against the hospital based on an apparent authority theory (see St. Andrews v Scalia, 51 AD3d 1260, 1261-1262 [3d Dept 2008]). "Pursuant to that theory, under the emergency room doctrine, 'a hospital may be held vicariously liable for the acts of an independent physician if the patient enters the hospital through the emergency room and seeks treatment from the hospital, not from a particular physician'" (id. at 1262 [brackets omitted], quoting Citron v Northern Dutchess Hosp., 198 AD2d 618, 620 [3d Dept 1993], lv denied 83 NY2d 753 [1994]). We further find, contrary to defendant's argument, that Bondar's affidavit was sufficient to raise a question of fact for resolution at trial (see Matott v Ward, 48 NY2d 455 [1979]). For these reasons, Supreme Court erred in granting defendant's motion for summary judgment dismissing the complaint.
Garry, P.J., Egan Jr., Clark and Ceresia, JJ., concur.
ORDERED that the order is reversed, on the law, with costs.