Rolon v Arden 29, LLC (2023 NY Slip Op 02545)

Rolon v Arden 29, LLC

2023 NY Slip Op 02545

Decided on May 10, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 10, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.

2022-00929
 (Index No. 511504/19)

[*1]Hector Rolon, appellant, 
v
Arden 29, LLC, respondent, et al., defendants.

David Resnick & Associates, P.C. (Monier Law Firm, PLLC, New York, NY [Philip Monier III], of counsel), for appellant.
Gartner + Bloom, P.C., New York, NY (Kaela A. Mahon of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Lillian Wan, J.), dated February 7, 2022. The order granted the motion of the defendant Arden 29, LLC, for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant Arden 29, LLC, for summary judgment dismissing the complaint insofar as asserted against it is denied.
On March 30, 2019, at approximately 2:30 p.m., the plaintiff allegedly slipped and fell on water on an interior staircase of the apartment building where he resided. The plaintiff commenced this action against, among others, the owner of the building, the defendant Arden 29, LLC (hereinafter Arden 29). Arden 29 moved for summary judgment dismissing the complaint insofar as asserted against it, contending that it did not create the alleged hazardous condition or have actual or constructive notice of its existence. The Supreme Court granted the motion, and the plaintiff appeals.
"In a slip-and-fall case, a defendant property owner moving for summary judgment has the burden of making a prima facie showing that it neither (1) affirmatively created the hazardous condition nor (2) had actual or constructive notice of the condition and a reasonable time to correct or warn about its existence" (Parietti v Wal-Mart Stores, Inc., 29 NY3d 1136, 1137). To provide constructive notice, "a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit a defendant's employees to discover and remedy it" (Gordon v American Museum of Natural History, 67 NY2d 836, 837). "To meet its initial burden on the issue of lack of constructive notice, the defendant must offer some evidence as to when the area in question was last cleaned or inspected relative to the time when the plaintiff fell" (Birnbaum v New York Racing Assn., Inc., 57 AD3d 598, 598-599; see Campbell v New York City Tr. Auth., 109 AD3d 455, 456).
Here, Arden 29 failed to establish, prima facie, that it did not have constructive notice of the alleged hazardous condition (see Rodriguez v New York City Hous. Auth., 169 AD3d 947, 948; [*2]Quinones v Starret City, Inc., 163 AD3d 1020, 1022; Field v Waldbaum, Inc., 35 AD3d 652). In support of its motion, Arden 29 submitted, inter alia, the deposition testimony of the plaintiff wherein he attested that he saw the same condition when he traversed the accident site earlier in the day at 11:00 a.m. and again at 11:30 a.m. Arden 29 also submitted the deposition testimony of the building's superintendent and the building's porter, but they only testified about their general inspection procedures, and they failed to specify when they last inspected the staircase in relation to the time of the accident. Since Arden 29 failed to meet its initial burden as the movant, the burden never shifted to the plaintiff to submit evidence sufficient to raise a triable issue of fact.
Accordingly, the Supreme Court should have denied Arden 29's motion for summary judgment dismissing the complaint insofar as asserted against it.
CONNOLLY, J.P., MILLER, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court