Benjamin v Court Jester Athletic Club, Ltd. (2023 NY Slip Op 03382)

Benjamin v Court Jester Athletic Club, Ltd.

2023 NY Slip Op 03382

Decided on June 22, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 22, 2023

535034
[*1]Ronald R. Benjamin, Appellant,
v
The Court Jester Athletic Club, Ltd., Respondent.

Calendar Date:May 2, 2023

Before:Aarons, J.P., Pritzker, Reynolds Fitzgerald, Fisher and McShan, JJ.

Ronald R. Benjamin, Binghamton, appellant pro se.
Mackenzie Hughes LLP, Syracuse (Jennifer D. Caggiano of counsel), for respondent.

Reynolds Fitzgerald, J.
Appeal from an order of the Supreme Court (Brian D. Burns, J.), entered March 8, 2022 in Broome County, which, among other things, granted defendant's motion for summary judgment dismissing the complaint.
Plaintiff commenced this negligence action seeking damages for injuries that he sustained when he slipped and fell while playing racquetball in a facility owned and operated by defendant. The gravamen of plaintiff's complaint is that defendant was negligent for its failure to properly maintain the racquetball court floor in conformance with the standards of the American Society of Testing and Materials (hereinafter ASTM), by failing to keep the floor free of substances, by failing to regularly clean the floor, by failing to inspect the floor prior to use and by failing to assure that the floor was not slippery. Following joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint on the grounds that plaintiff was unable to identify the cause of his fall, lack of actual or constructive notice and assumption of the risk. Supreme Court granted defendant's motion. Plaintiff appeals.
We affirm. "[A] defendant moving for summary judgment in a [slip] and fall case must establish that its property had been maintained in a reasonably safe condition and that it neither created nor had actual or constructive notice of the dangerous condition that caused the plaintiff's fall" (Bovee v Posniewski Enters., Inc., 206 AD3d 1112, 1112 [3d Dept 2022] [citations omitted]). "[A] defendant can also demonstrate entitlement to judgment as a matter of law by establishing that the plaintiff cannot identify the cause of his or her fall without engaging in speculation" (Mulligan v R & D Props. of N.Y. Inc, 162 AD3d 1301, 1301 [3d Dept 2018] [internal quotation marks and citation omitted]). "[E]ven when a plaintiff is unable to identify the cause of a fall with certainty, a case of negligence based wholly on circumstantial evidence may be established if the plaintiff shows facts and conditions from which the negligence of the defendant and the causation of the accident by that negligence may be reasonably inferred" (Brumm v St. Paul's Evangelical Lutheran Church, 143 AD3d 1224, 1227 [3d Dept 2016] [internal quotation marks, brackets and citations omitted]). However, "[t]he proof must render other causes sufficiently remote such that the jury can base its verdict on logical inferences drawn from the evidence, not merely on speculation" (Mulligan v R & D Props. of N.Y. Inc, 162 AD3d at 1301 [internal quotation marks and citation omitted]). Finally, "[t]he doctrine of assumption of risk provides that a voluntary participant in a sporting or recreational activity consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation" (Bouchard v State of New York, 206 AD3d 1495, 1500 [3d Dept 2022] [internal quotation marks and citations omitted]).
In support of [*2]its motion for summary judgment, defendant offered, among other things, the deposition testimony of plaintiff, affidavits of the racquetball players present on the court at the time of plaintiff's fall, the expert affidavit of William B. Smith — a wood products engineer, professor and director of wood utilization service at the State University of New York, College of Environmental Science and Forestry — and the affidavit of defendant's owner. Plaintiff, in his deposition testimony, stated that he started playing racquetball in 1971 and has played at least weekly since 2014. He further stated that there were no substances on the floor and the floor was not slippery. The other racquetball players averred that they did not observe any slippery, slick, sticky or unsafe conditions on the floor. Defendant's owner attested that it is the facility's custom and routine to clean the floor every night by sweeping and mopping it with warm water. Additionally, he stated that he has owned the facility since 1995. During this time, there have been no complaints received regarding the condition of the racquetball court floor nor any reports of patrons falling prior to plaintiff's fall. The expert opined, within a reasonable degree of scientific certainty, that there are no ASTM standards related to the maintenance of a racquetball court's surface and, as such, that plaintiff's claim that the subject floor was not in conformance with any particular ASTM standard was meritless, and that defendant's cleaning procedures and resurfacing agent did not unreasonably increase the risk of slippage. Based on the foregoing cumulative evidence, defendant satisfied its prima facie burden regarding the condition of the court, lack of notice, lack of proximate cause, and plaintiff's assumption of the risk on the motion. Thus, it became incumbent on plaintiff to raise a triable issue of fact (see Mulligan v R & D Props. of N.Y. Inc, 162 AD3d at 1302; Legac v South Glens Falls Cent. Sch. Dist., 150 AD3d 1582, 1585 [3d Dept 2017], lv denied 30 NY3d 905 [2017]; Fallon v Duffy, 95 AD3d 1416, 1417 [3d Dept 2012]; Smith v Maloney, 91 AD3d 1259, 1259 [3d Dept 2012]; Cietek v Bountiful Bread of Stuyvesant Plaza, Inc., 74 AD3d 1628, 1629 [3d Dept 2010]).
In opposition to defendant's motion, plaintiff produced no expert testimony and relied heavily on hearsay documents. He did, however, point to a statement contained in one of his fellow player's affidavit and alleged, for the first time in opposition to the summary judgment motion, that a build-up of dust caused him to fall. In support of this argument, plaintiff relied on and cited to online articles and blogs. It is well settled that a new or materially different theory of recovery, presented for the first time in opposition to a motion for summary judgment, cannot bar relief which is otherwise appropriate (see Fasce v Catskill Regional Med. Ctr., 209 AD3d 1138, 1139 [3d Dept 2022]; Scanlon v Stuyvesant Plaza, 195 AD2d 854, 855 [3d Dept [*3]1993]) and that the Internet articles are inadmissible hearsay that cannot be properly considered (see Ingber v Martinez, 191 AD3d 959, 961 [2d Dept 2021]). Additionally, plaintiff's fellow players attested that they did not observe any dust on the court and that plaintiff did not complain of any dust that day. Plaintiff's reliance on Samuels v Town Sports Intl., LLC (174 AD3d 429 [1st Dept 2019]) is misplaced. In Samuels, the plaintiff alleged that after he fell, he found himself lying in a layer of dust, and he also reported to the hospital that he slipped on dust. Additionally, there was a witness to the accumulation of dust on the court's floor when Samuels fell, and there were numerous previous complaints of the buildup of dust on the court. Corresponding evidence of this sort is sorely lacking here. Considering the evidence presented on this issue and viewed in the light most favorable to plaintiff, plaintiff's theory that his fall was caused by dust is founded upon mere speculation and surmise rather than admissible evidence (see Flahive v Union Coll., 99 AD3d 1151, 1153 [3d Dept 2012]). Finally, plaintiff fails to raise an issue in response to defendant's assumption of the risk defense. The condition of the court was known to plaintiff as he had played on that day for over an hour, nor has he provided proof of any unassumed, concealed or enhanced risks (see Clements v Skate 9H Realty, 277 AD2d 614, 615 [3d Dept 2000]; Hawley v Binghamton Mets Baseball Club, 262 AD2d 729, 731 [3d Dept 1999]). Therefore, Supreme Court properly granted defendant's motion for summary judgment dismissing the complaint (see Knickerbocker v Ulster Performing Arts Ctr., 74 AD3d 1526, 1528 [3d Dept 2010]; Salerno v North Colonie Cent. School Dist., 52 AD3d 1145, 1147 [3d Dept 2008]).
Aarons, J.P., Pritzker, Fisher and McShan, JJ., concur.
ORDERED that the order is affirmed, without costs.