| **N.C. v Thomas** |
| :---: |
| 2024 NY Slip Op 32952(U) |
| August 20, 2024 |
| Supreme Court, Kings County |
| Docket Number: Index No. 514125/2019 |
| Judge: Carolyn Walker-Diallo |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

PRESENT:

HON. CAROLYN WALKER-DIALLO, J.S.C.
--------------------------------------------------------------- X
N.C., an Infant, by M/N/G NYASIA Q. NEAL and
NYASIA Q. NEAL, INDIVIDUALLY,

Plaintiffs,

- against -

SHAWN THOMAS, et al.

Defendants.
--------------------------------------------------------------- X

> At an IAS Term, Part DJMP2, of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse at 320 Jay Street, Brooklyn, New York on the 20th day of August 2024.

Index No.: 514125/2019

**DECISION/ORDER**

Recitation, as required by CPLR 2219 (a), of the papers considered in the review of this motion:

Papers Numbered

| Notice of Motion, Affirmation, Exhibits | NYSCEF Doc. No(s). 68-81 |
|---|---|
| Affirmation in Opposition | NYSCEF Doc. No(s). 82 |
| Affirmation in Reply | NYSCEF Doc. No(s). 84 |

Papers considered: Motion Sequence 5

<strong>INTRODUCTION</strong>

Defendant Shawn Thomas ("Defendant Thomas") moves for an order pursuant to CPLR 3212 granting summary judgment. Plaintiff Nyasia Q. Neal ("Plaintiff Neal"), on behalf of herself and her infant child, N.C. ("Plaintiffs"), oppose Defendant Thomas's motion. Upon the foregoing papers and for the reasons set forth below, Defendant Thomas's motion is DENIED in its entirety.

<strong>FACTUAL AND PROCEDURAL HISTORY</strong>

This action stems from alleged personal injuries sustained by Plaintiff N.C., an infant, in a trip-and-fall on May 1, 2018, at 120 Lott Avenue ("120 Lott" or "premises") in Brooklyn, New York. *See* Complaint ¶ 26 (NYSCEF Doc. No. 1). Plaintiffs reside at 124 Lott Avenue, which shares a driveway and a backyard with the adjoining 120 Lott. Plaintiffs allege that N.C. fell off

1

[* 1]

an improperly repaired slide located in the shared driveway and sustained a fracture to N.C.'s left wrist. *See* Affidavit of Nyasia Q. Neal, dated November 19, 2020 ("Neal Aff.") ¶¶ 5, 9-11, 13, 16-17, annexed as Exhibit G to the Motion for Summary Judgment (NYSCEF Doc. No. 76). Plaintiff Neal, N.C.'s mother, commenced this action on behalf of herself and N.C., against Defendant Thomas, the owner of 120 Lott, by filing a Summons and Complaint on June 26, 2019. *See* Summons and Complaint ¶ 5; Thomas EBT Transcript at 11, 12-18 (NYSCEF Doc. Nos. 1, 79). Defendant Thomas interposed an answer on July 26, 2019. *See* Answer (NYSCEF Doc. No. 2).

Defendant Thomas previously filed a motion for summary judgment on March 18, 2022 (NYSCEF Doc. No. 42), which was denied with leave to renew upon completion of discovery by Order of the Honorable Aaron D. Maslow, dated May 31, 2023. *See* Order of the Hon. Aaron D. Maslow dated May 31, 2023 (NYSCEF Doc. No. 63). Discovery having been completed, and a Note of Issue and Certificate of Readiness having now been filed (NYSCEF Doc. No. 67), on February 20, 2024, Defendant Thomas again moved for summary judgment (NYSCEF Doc. No. 68). Plaintiffs filed an affirmation in opposition on April 23, 2024, and Defendant Thomas filed an affirmation in reply on June 14, 2024 (NYSCEF Doc. Nos. 82, 84).

## DISCUSSION

"The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case." *Winegrad v. N.Y. Univ. Med. Ctr.*, 64 N.Y.2d 851 (1985). The court's role "is limited to issue finding, not issue resolution." *Dormitory Auth. of the State of N.Y. v. Samson Constr. Co.*, 30 N.Y.3d 704, 717 (2018), *quoting Kriz v. Schum*, 75 N.Y.2d 25, 33 (1989). "Summary judgment disposition is inappropriate where varying inferences may be drawn, because in those cases it is for the factfinder to weigh the evidence and resolve any issues necessary to a

2

[* 2]

final conclusion." *Dormitory Auth.*, 30 N.Y.3d at 717. Where a moving party successfully demonstrates its *prima facie* entitlement to summary judgment, the burden shifts to the party in opposition to submit admissible evidence demonstrating the existence of a material issue of fact, or to tender an acceptable excuse for its failure to do so. *See Zuckerman v. City of New York*, 49 N.Y.2d 557 (1980).

In a trip-and-fall case, a defendant moving for summary judgment has the initial burden of making a *prima facie* showing that it neither created the hazardous condition nor had actual or constructive notice of its existence. *See Vazquez v. Gun Hill Assoc., LLC*, 122 A.D.3d 723 (2d Dep't 2014); *see also Curiale v. Sharrotts Woods, Inc.*, 9 A.D.3d 473 (2d Dep't 2004). To provide constructive notice, "a defect must be visible and apparent, and it must exist for a sufficient length of time prior to the accident to permit a defendant's *employees* to discover and remedy it." *Gordon v. Am. Museum of Natural History*, 67 N.Y.2d 836, 837 (1986) [emphasis added]. "To meet its initial burden on the issue of lack of constructive notice, the defendant must offer some evidence as to when the area in question was last cleaned or inspected relative to the time when the plaintiff fell." *Birnbaum v. New York Racing Assn., Inc.*, 57 A.D.3d 598, 598–599 (2d Dep't 2008); *see Campbell v. New York City Tr. Auth.,* 109 A.D.3d 455, 456 (2d Dep't 2013).

Here, Defendant Thomas, the owner of 120 Lott, testified at her deposition that she resides in Florida and has not visited the premises since 2007. *See* Thomas EBT Transcript at 8, 12 (NYSCEF Doc. No. 79). She further testified that she employs Junior Cooper, who lives in the basement and serves as the superintendent. *See Id.* at ¶¶17-18. In this capacity, Defendant Thomas testifies that Junior Cooper handles, among other things, maintenance issues. *Id.* at ¶¶17-18. According to Defendant Thomas, Junior Cooper has lived in the basement of the premises since 2007, when Defendant Thomas moved out. *Id.* at ¶¶17-18.

3

Constructive notice to a building owner's superintendent is sufficient to maintain a claim against an owner predicated upon premises liability. *See Johnston v. City of New York*, 17 A.D.3d 534, 535 (2d Dep't 2005)("Moreover, the testimony of the mother of the infant plaintiff at a hearing pursuant to General Municipal Law § 50–h, that the building superintendent visited the bathroom before the accident to inspect it for problems, raised a triable issue of fact as to whether the defendant had constructive notice of the defect, and whether the superintendent's failure to repair the floor proximately caused the accident"). Accordingly, Defendant Thomas does not have personal knowledge of when the area containing the slide was last inspected relative to the accident. Nor has she proffered an affidavit from Mr. Cooper on this issue. As such, without testimony from someone with personal knowledge, such as the superintendent Junior Cooper, Defendant Thomas fails to meet her initial burden to show the absence of constructive notice. *See Rolon v. Arden 29, LLC*, 216 A.D.3d 825, 825-26 (2d Dep't 2023). Therefore, since Defendant Thomas failed to meet her *prima facie* burden, her motion is denied without regard to the sufficiency of the papers in opposition, as there remain triable issues of fact. *See Winegrad*, 64 N.Y.2d at 853.

## CONCLUSION

Based on the foregoing, Defendant Thomas's motion for summary judgment is **DENIED**. Defendant Thomas is directed to serve a copy of this order with notice of its entry within twenty (20) days of the date of this order.

This constitutes the Decision and Order of the Court.

ENTER:

_____
Hon. Carolyn Walker-Diallo, J.S.C.

4

[* 4]